J-S60002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BERNARD REDDICK, | |
| Appellant | No. 130 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007822-2013

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BERNARD RIDDICK, | |
| Appellant | No. 132 EDA 2016 |

Appeal from the Judgment of Sentence December 4, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007475-2013

BEFORE: SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 27, 2016**

Appellant, Bernard Reddick, appeals from the judgments of sentence entered following the violation of his parole and probation in the above-

---

[*] Retired Senior Judge assigned to the Superior Court.

captioned matters. Appellate counsel has filed a petition to withdraw his representation and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.[1] We grant counsel's petition to withdraw and affirm the judgments of sentence.

We summarize the procedural history of this case as follows. On February 11, 2014, Appellant entered a plea of guilty to one count of retail theft at CP-23-CR-0007475-2013. On that date, the trial court sentenced Appellant to serve a term of incarceration of time served to twenty-three months. On March 17, 2014, Appellant entered a plea of guilty to one count of retail theft at CP-23-CR-0007822-2013. On that date, the trial court sentenced Appellant to serve a term of incarceration of time served to twenty-three months, followed by three years of probation. Subsequently, Appellant was arrested on additional charges of retail theft, and a bench warrant was issued. A *Gagnon I* hearing was held on November 20, 2015, and a *Gagon II* hearing was held on December 4, 2015.[2] At the conclusion

_____

[1] We observe that Appellant is referred to as "Bernard Reddick" in one trial court docket and as "Bernard Riddick" in the second trial court docket. In his *Anders* brief, counsel notes that for the sake of consistency, he refers to Appellant as "Mr. Reddick."

[2] In *Commonwealth v. Heilman*, 876 A.2d 1021 (Pa. Super. 2005), we summarized the probation revocation process as follows:

*(Footnote Continued Next Page)*

of the *Gagnon II* hearing, the trial court found Appellant to be in violation of his parole at CP-23-CR-0007475-2013, revoked his parole, and sentenced Appellant to his full back time with immediate parole. At CP-23-CR-0007822-2013, the trial court found Appellant to be in violation of his parole, revoked his parole, and sentenced him to full back time with immediate parole. In addition, the trial court found Appellant to be in violation of his probation at CP-23-CR-0007822-2013, revoked his probation, and sentenced Appellant to serve a term of incarceration of twelve to thirty-

_(Footnote Continued)_ _____

In ***Gagnon v. Scarpelli***, 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973), the United States Supreme Court held that a defendant accused of violating the terms of his probation is entitled to two hearings prior to formal revocation and re-sentencing.

When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is required before a final revocation decision can be made.

***Commonwealth v. Sims***, 770 A.2d 346, 349 (Pa. Super. 2001). The ***Gagnon II*** hearing requires two inquiries: (1) whether the probationer has in fact violated one of the conditions of his probation, and, if so, (2) should the probationer "be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation." ***Id***. (quoting ***Gagnon***, ***supra*** at 784).

***Heilman***, 876 A.2d at 1026-1027.

six months. Appellant did not file post-sentence motions. This timely appeal followed the imposition of the new judgments of sentence.

As noted, counsel has filed a petition to withdraw from representation. Before we address the questions raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id**. at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within the petition to withdraw, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

Counsel's brief is compliant with **Santiago**. The brief sets forth the procedural history of this case and outlines pertinent case authority. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel presents the following issue for our review:

> *Whether the 12 to 36 months of incarceration imposed in addition to the back time in these cases is harsh and excessive under the circumstances and whether the Lower Court provided adequate reasons for imposing it?*

**Anders** Brief at 2 (italics in original).

Appellant's sole issue challenges the discretionary aspects of his sentence. However, Appellant waived any challenges to the discretionary aspects of his sentence by failing to raise such issue to the trial court.

As this Court clarified in **Cartrette**, our scope of review following the revocation of probation is not limited solely to determining the validity of the

probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. Rather, it also includes challenges to the discretionary aspects of the sentence imposed. Specifically, we unequivocally held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Cartrette*, 83 A.3d at 1034. Further, as we have long held, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

It is well settled that there is no absolute right to appeal the discretionary aspects of a sentence. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion

> to reconsider and modify sentence, *see* Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

Pennsylvania Rule of Appellate Procedure 302(a) provides that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. **Moury**, 992 A.2d at 170 (citing **Commonwealth v. Mann**, 820 A.2d 788 (Pa. Super. 2003)). In addition, Pa.R.Crim.P. 708 provides that a motion to modify sentence must be filed within ten days of the imposition of sentence following the revocation of probation. Pa.R.Crim.P. 708(D). As the comment to Pa.R.Crim.P. 708 explains:

> Issues properly preserved at the sentencing proceeding need not, but may, be raised again in a motion to modify sentence in order to preserve them for appeal. In deciding whether to move to modify sentence, counsel must carefully consider whether the record created at the sentencing proceeding is adequate for appellate review of the issues, or the issues may be waived.

Pa.R.Crim.P. 708 cmt. Thus, an objection to a discretionary aspect of a sentence is waived if not raised in a post-sentence motion or during the sentencing proceedings. **See Commonwealth v. Parker**, 847 A.2d 745

(Pa. Super. 2004) (holding challenge to discretionary aspect of sentence was waived because appellant did not object at sentencing hearing or file post-sentence motion).

Herein, the first requirement of the four-part test is met because Appellant brought a timely appeal. However, our review of the certified record reflects that Appellant waived his challenge to the discretionary aspects of his sentence by failing to raise the claim either at the sentencing proceeding or by means of a post-sentence motion. Thus, this issue has not been properly preserved for appeal, and the record is not adequate to allow appellate review of Appellant's claim. Accordingly, we deem this issue to be waived.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgments of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/2016